**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIO CESAR HERNANDEZ-TORRES,

Defendant - Appellant.

No. 13-50337

D.C. No. 3:11-cr-04508-BTM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted March 3, 2015
Pasadena California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Julio Cesar Hernandez-Torres appeals his conviction under 8 U.S.C. §

1326(a) for being a previously deported alien found in the United States without

the consent of the Attorney General.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hernandez first argues that it is unclear whether the jury unanimously agreed as to which of Hernandez's three deportations provided the basis for the "previously deported" element of the crime. The jury, however, was properly instructed that all jurors had to agree unanimously on that point and "is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Furthermore, in its verdict form, the jury stated: "We unanimously find that the government has proved beyond a reasonable doubt that the defendant Julio Cesar-Hernandez Torres was removed from the United States subsequent to December 6, 2010." Only one of Hernandez's deportations, the one from July 26, 2011, took place "subsequent to December 6, 2010." The verdict form thus shows that the jury must have unanimously agreed that Hernandez was deported on July 26, 2011.

Hernandez's argument that a mens rea of specific intent should have been required in his case is foreclosed by our precedent. Hernandez was charged with a "found in" offense under 8 U.S.C. § 1326(a), and we have held that this is a general intent crime. *See, e.g.*, *United States v. Rivera–Sillas*, 417 F.3d 1014, 1020 (9th Cir. 2005).

Hernandez also appears to challenge the sufficiency of the evidence to support his conviction, arguing that his crime was not yet complete when Agent Ramirez found him one mile inside the country. Hernandez's argument fails,

however, because he was not "in the constant visual or physical grasp of governmental authorities after he crossed the border." *United States v. Vela–Robles*, 397 F.3d 786, 789 (9th Cir. 2005)). While Hernandez appears to have triggered a seismic sensor upon crossing the border, "[d]etection by a seismic sensor does not amount to observation or surveillance for the purpose of showing official restraint." *Id.*

The judgment of the district court is accordingly **AFFIRMED.**